**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CALLISTA SUZENA CHIWOCHA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1189-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, Ms. Callista Suzena Chiwocha, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement [Doc. No. 4]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 10], finding that Ms. Chiwocha's, nearly 17-month,[1] detention violated her due process rights, and recommending the Court grant in part Ms. Chiwocha's Petition and order Respondents to provide her with a prompt bond hearing. Respondents filed an Objection [Doc. No. 11], which ordinarily would trigger de novo review of those portions of the Report to which a specific objection is made.[2] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

But Respondents' threadbare objection is insufficient to trigger this level of review. Rule 72 of the Federal Rules of Civil Procedure requires that parties make "specific"

[1] Doc. No. 10 at 3 (noting that, at the time she filed her petition, Ms. Chiwocha had been detained for nearly 13 months).

[2] Petitioner did not file an Objection.

objections to a Magistrate Judge's Report and Recommendation. FED. R. CIV. P. 72(b)(2). To be "specific," an objection must "focus [the district judge's] attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). The government's single-paragraph objection—which takes issue with Judge Maxfield's finding that Ms. Chiwocha is being unlawfully detained and "assert[s] that [she] has not met her burden to establish a claim for relief under *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]"[3] before merely "reassert[ing], adopt[ing] by reference, and [] not waiv[ing]" its arguments in opposition to Ms. Chiwocha's petition—fails specifically to state any factual reason why Ms. Chiwocha's Constitutional claim should fail and thus deserves something less than *de novo* review. Doc. No. 11 at 2. *See Summers v. Utah*. 927 F.2d 1165, 1167 (10th Cir. 1991) (noting a district court's "considerable discretion" when reviewing reports and recommendations without specific objections: "[T]he district court may review a magistrate[] [judge's] report under any standard it deems appropriate").

In any event, the Court will apply *de novo* review because it reaches the same result under any standard.

[3] But Respondents need not object to the *Zadvydas* analysis because Judge Maxfield concluded that Ms. Chiwocha's *Zadvydas* claim wasn't ripe. Doc. 10 at 5. In *Zadvydas*, the Court found an implicit bond-hearing requirement in some circumstances under 8 U.S.C § 1231(a) on Constitutional avoidance grounds, and § 1231(a) only applies if a noncitizen is subject to a final order of removal. § 1231(a). *Zadvydas*, 533 U.S. at 699. But Ms. Chiwocha is detained under § 1226(c) and her removal proceedings are still pending with the BIA. Doc. 10 at 5.

Judge Maxfield noted that Ms. Chiwocha was detained, and remains so, pursuant to 8 U.S.C. § 1226(c). Doc. No 10 at 2–5. This makes Ms. Chiwocha's detention mandatory. § 1226(c); *Demore v. Kim*, 538 U.S. 510, 517–18 (2003). But Ms. Chiwocha argues that the Constitution prohibits her continued detention absent a bond hearing, Doc. No 4 at 7; Judge Maxfield agreed, concluding that her prolonged detention, more than a year at the time she filed her petition—and now 17 months and counting—violates her rights to substantive and procedural[4] due process. Doc. No 10 at 18.

The Supreme Court has foreclosed statutory arguments that § 1226(c) can be interpreted to require "periodic bond hearings." *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018). But in *Jennings*, the Court declined to answer whether, at some point, the Due Process Clause of the Fifth Amendment to the Constitution mandates a bond hearing to justify further detention. *Id.* And although the Court previously rejected a habeas petitioner's due process claim under § 1226(c), *Demore*, 538 U.S. at 531, as many courts have since noted—the Court in *Demore* relied on now-outdated[5] statistics that concluded "85%" of noncitizens detained under § 1226(c) were removed in "47 days," and the remaining 15% (those who pursued their claims to the Board of Immigration Appeals) were removed in "4 months." *Id.* at 529.

---

[4] Because it's unclear to which parts of Judge Maxfield's analysis the Government objects, the Court only specifically addresses Ms. Chiwocha's substantive due process claim despite adopting Judge Maxfield's R&R in its entirety.

[5] The Government later conceded that these statistics were wrong even when it gave them to the Court over 20 years ago. *Jennings*, 583 U.S. at 343 (Breyer, J., dissenting).

Nor has the Tenth Circuit answered this question.[6] So this Court considers the persuasive authority of other district courts in the Tenth Circuit. To determine whether the government has unconstitutionally prolonged a noncitizen's detention under § 1226(c), courts conduct a reasonableness inquiry, considering the (1) length, (2) likely future duration, and (3) conditions of detention, as well as delays in the removal proceedings caused by the (4) petitioner and (5) government, and the (6) "likelihood that the removal proceedings will result in a final order of removal." *Smith v. Barr*, 444 F. Supp. 3d 1289, 1300–01 (N.D. Okla. 2020); *Singh v. Choate*. No. 19-cv-000909-KLM, 2019 WL 3943960 at *5 (D. Colo. Aug. 21, 2019).

Judge Maxfield conducted this reasonableness inquiry, and found that factors 1–4 favored Ms. Chiwocha, factor 5 favored the government, and factor 6 was neutral. Doc. No. 10 at 13. Based on that analysis, Judge Maxfield recommended that the Court find Ms. Chiwocha's detention violates her due process rights. Because Judge Maxfield applied the proper test, and the Court agrees with her sound analysis of the facts, the Court agrees that Ms. Chiwocha's prolonged detention violates due process. *See Singh*, 2019 WL 3943960 at *5 (concluding that a 20-month detention strongly weighed in favor of petitioner and collecting cases suggesting that a detention without a bond hearing of anywhere from 9 to 19 months was unreasonable).

Accordingly, the Court ADOPTS Judge Maxfield's Report and Recommendation and GRANTS IN PART Ms. Chiwocha's Petition for a Writ of Habeas Corpus Doc. No. 4.

---

[6] *See* Order, Munoz Ramirez v. Blanche, No. 25-1263 (10th Cir. July 29, 2026), Dkt No. 56 (abating the appeal concerning the § 1226(c) constitutional issue).

Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release her if she has not received such a hearing within that period. Respondents shall certify their compliance with this Order in the manner outlined in the Report and Recommendation.

IT IS SO ORDERED this 17th day of September, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**